Derrenbacker agt. Lehigh Valley Railroad Company.

## SUPREME COURT.

JOHN DERRENBACKER agt. THE LEHIGH VALLEY RAILROAD COMPANY.

*Appearance — Answer — Corporation — Effects of a general appearance and answer of a defendant corporation — Negligence — Contributory negligence question for jury.*

The general appearance and answer of a defendant corporation ought to be deemed an admission of its corporate existence ; and it ought not afterwards, when no special issue is presented, insist that plaintiff must produce and prove its character ; at all events, in such case it is enough to show user or corporate acts to make a *prima facie* case of the entity and identity of such corporation.

The plaintiff, a canal boatman, in helping to discharge iron ore from a boat at Perth Amboy, pushed the iron tub which was being hoisted by a derrick as was customary and thus went partly under the tub, which fell upon him, causing the injury sued for:

*Held*, that the question of contributory negligence of plaintiff's act was properly submitted to the jury, such act not being *per se* evidence of negligence.

*Held, also*, that some slight evidence having been given that defendant was the owner of the derrick and of the rope used, and the use of the derrick being much for the benefit of defendant and as the iron ore was being transferred by its consignees to defendant's cars in the usual way, and as it should not be presumed that the consignees were trespassing in making use of the derrick, in the absence of all explanation on defendant's part, the jury were justified in finding that the consignees

Derrenbacker agt. Lehigh Valley Railroad Company.

were using the derrick in the usual way, with defendant's knowledge and consent, and for its and their mutual benefit.

*Held, further,* that, defendant was, therefore, liable if the rope was unsafe and unfit for the work, and there being some evidence to go to the jury on these questions, the court properly submitted the questions to them, some force being properly given to the omission of defendant to give explanatory evidence.

*First Department, General Term, July,* 1880.

APPEAL from judgment entered on verdict of jury and from order denying motion for new trial on the minutes.

*Charles B. Alexander,* for appellant.

*Edward H. Hobbes,* for respondent.

DAVIS, *P. J.*— The motion to dismiss the complaint on the ground that plaintiff has not proved the corporate character of defendant was properly denied. When a corporation brings suit it is bound to allege its corporate existence, and at common law was bound to prove it under the general issue. The rule is the same now as to foreign corporations, but as to domestic corporations the rule is so far changed by statute that such a plaintiff is only put to show its own corporate existence when the defendant pleads specially "*nul tiel* corporation." But where a corporation is sued its general appearance and answer in the action ought to be deemed an admission of its corporate existence as such, as much as the general appearance and answer of a natural person is an admission of his existence and identity. It appears and answers as a corporation when no special issue is presented on that question, and thus puts itself into court as such, and ought not afterwards to be heard to insist that plaintiff must affirmatively prove that it is what it has put itself on record as being. Some confusion has arisen on this subject (perhaps in the cases) by not perfectly observing the difference between a plaintiff corporation's own affirmation of its exist-

Derrenbacker agt. Lehigh Valley Railroad Company.

ence, when put in issue by an answer, and the appearance of
a corporation, when sued as defendant, on putting in an
answer in the name by which it is sued. At all events, in
such a case, it is · enough to show user or corporate acts to
make a *prima facie* case of the entity and identity of the
artificial person that has appeared and is defending the suit.
In this case the issues were tried all through the plaintiff's
case upon the assumption that the Lehigh Valley Railroad
Company was an existing corporation. It was quite right,
therefore, not to permit the defendant to railroad itself out of
court because its charter was not produced and proven. The
*prima facie* case was sufficient to call upon the defendant to
give some of the evidence which the learned counsel says his
client was misled into not producing, to wit, "negative proof
of its non-existence," if any such it had.

The question whether the plaintiff's own negligence con-
tributed to his injury was properly submitted to the jury. It
cannot be said, as matter of law, that the act of pushing the
iron tub when it stopped, as described in the evidence, was
*per se* evidence of negligence. It was an act which the plain-
tiff, or some other person, was accustomed to perform when-
ever a similar delay occurred, and there was no evidence to
show that the plaintiff knew, or had reason to believe, that
there was any greater danger than usual on the occasion. The
rope happened to break while he was doing an act customary
under similar circumstances. The evidence does not tend to
show that his act broke the rope, but merely that it brought
himself into a position to receive the injury. The charge
upon the question was correct in law, and we are satisfied
with the finding of the jury upon it.

The principal and difficult question in the case is whether
sufficient was shown to justify the court in submitting to the
jury the question of the liability of the defendant. Some
evidence was given tending to show that the defendant was
the owner of the derrick, and the rope used, the breaking of
which caused the injury, was purchased for, and belonged to,

the defendant. From the slight evidence produced by plaintiff it might well be inferred that the derrick was one belonging to the defendant and used generally on the dock for the purpose of transferring property from boats to the defendant's cars and from such cars to the boats, the object of defendant being to furnish facilities for making such transfers with ease and promptitude. Of course this was much for the benefit of defendant, as it avoided delay and detention of its cars, and expedited its business transactions. The consignees of the cargo of iron ore appear to have been using the derrick on the occasion of the injury; but as they were transferring the ore in the usual way from plaintiff's boat to defendant's cars, and as it should not be presumed that the consignees were trespassers in making use of the derrick, in the absence of all explanation on the part of the defendant, the jury were justified in finding that the consignees were using the derrick in the usual way with the knowledge and consent of the defendant, and for its and their mutual benefit. Under such circumstances, the liability of the defendant would depend upon the question whether it had furnished a rope suitable for the purpose and capable of sustaining the weight to be put upon it in doing the usual work for which it was to be used, or, having done so, it was continued in use after it had become so worn and weakened by strains and observable injuries as to be unsafe and unfit for the work.

There was some evidence to go to the jury upon both of these questions. There was slight evidence to show that the rope was not large enough when purchased to bear the weight of the quantity of iron ore usually taken in the tub. This evidence is not satisfactory to our minds; but when taken in connection with the proof as to the condition of the rope when it broke, and with the fact that it had broken the day before in unloading another cargo, and was then stranded or repaired and put into use for unloading plaintiff's boat when it broke again, with the serious consequences to plaintiff, under circumstances tending to show that due precaution was

not used in repairing or in allowing it to be used, we are not able to see that the court erred in submitting the question to the jury. Some force is certainly to be given to the omission of defendant to give explanatory evidence to rebut the inferences from the evidence given by plaintiff.

It is easy to see that if the derrick and rope were not the property of defendant, or if they were not in use by its knowledge or consent, or if the derrick was not a facility provided by defendant for the benefit of its business, furnished to be used as above suggested, proof must have been in defendant's power to rebut the evidence given by plaintiff and the inferences a jury could draw therefrom.

We see no error in the charge as given by the court, or in his refusals to charge, and our conclusion is that the judgment must be affirmed.

BARRETT, J., concurs.